**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**MANNY CHUM**

    **VS**                                                                                          **18-cv-684**

**NATIONSTAR MORTGAGE, LLC**

### MEMORANDUM OF LAW IN SUPPORT OBJECTION TO MOTION TO QUASH AND FOR PROTECTIVE ORDER

This matter is before the Court on Nationstar Mortgage LLC's Motion to Quash a Subpoena Duces Tecum and Motion for a Protective Order regarding a subpoena served on JM Adjustment Services, LLC which was scheduled for a deposition on March 22, 2021. The subpoena was served on the deponent by service of its designated agent for service of process, Corporation Service Company on March 5, 2021. A copy of the Subpoena was also emailed on March 5, 2021 to an officer of the company, Justin Manni as indicated in the Notice of Deposition.

The Defendant was not permitted to file this Motion due to the fact that the Subpoena Duces tecum was not served on the Defendant, but instead on a third party, which did not file this Motion. Fed. R. Civ. P 26 limits such a Motion only to the party which is subpoenaed:

(c) PROTECTIVE ORDERS.

   (1) *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—

or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

    (A) forbidding the disclosure or discovery;

    (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

    (C) prescribing a discovery method other than the one selected by the party seeking discovery;

    (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

    (E) designating the persons who may be present while the discovery is conducted;

    (F) requiring that a deposition be sealed and opened only on court order;

    (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

    (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

    The Defendant did not comply with the Rule before filing this Motion. It did not communicate with the Plaintiff's attorney to make a good faith effort to resolve this matter without the necessity of filing a Motion. Instead, it did nothing but file the Motion, thus precluding any relief, even if it possessed standing to file this Motion. This motion caused the attorney for

the Deponent to take the position that it would not respond to the subpoena or provide any documents pending the result of the hearing on the Motion.

This discovery is essential as the Defendant presumably will file another Motion for Summary Judgment with Plaintiff unable to obtain necessary information as indicated in her Motions to Continue previously filed.    Pacific Union Financial, LLC was a limited liability company and was the servicer of the mortgage loan and merged into Nationstar Mortgage LLC on February 5, 2019, which then which began the servicing of this loan. On December 31, 2020, this Court granted the Motion to Substitute Nationstar Mortgage as the successor to Pacific Union Financial. LLC. Plaintiff planned on filing an Amended Complaint to reference claims against Nationstar Mortgage LLC arising out of the servicing of the loan. On January 13, 2021, Nationstar filed a Motion for Summary Judgment, with two affidavits.

The first affidavit was filed by an employee/agent of Nationstar, A.J. Loli, who made several assertions, namely that an unnamed representative of Nationstar visited my home in an attempt to schedule a face to face meeting as required by the FHA guidelines and the terms of my mortgage.The second affidavit was signed by an employee/ agent of J.M. Adjustment Services of Detroit, Michigan. Ryan Kojadulian, without providing any supporting

documentation stated that a representative of JM Adjustment Services, Michael Pratt, came to Plaintiff's home on August 29, 2017, when she was not home.   According to this affidavit, an envelope was delivered to Plaintiff's son, which indicated that Pacific Union wanted to schedule a face to face interview with her and that she should call it to arrange the meeting. Nationstar based its motion for summary judgment on these affidavits.

    Plaintiff scheduled a Deposition of JM Adjustment Services in order to obtain the necessary information. A copy of the Subpoena is attached along with the Objection of the deponent, which did not file a Motion for a Protective Order because the Defendant had improperly filed this Motion.

    Plaintiff alleges that employees of JM Adjustment Services serves as a mail courier to deliver mail from loan servicers.  Plaintiff sough to verify that the delivery of the letter has no training in loss mitigation and knows nothing about loss mitigation and that his sole job is to deliver a letter in the same manner as a mail delivery person.  The Plaintiff will seek to obtain the basis for the affidavit of Ryan Kojadulian, to determine the basis for his knowledge about the claimed face to face meeting and the company policy regarding training of its employees and the protocols and policy that they follow when they go to a home.

The Defendant, by filing this Motion, without complying with Rule 26, caused the Plaintiff the cost of the Deposition, ($198.30) to keep the subpoena active, at which the witness did not appear or provide any documents. A Motion to Compel is being prepared to Compel the Deponent to comply. This Motion should be denied for failure to comply with the Rules of Civil Procedure and the Court should grant the Motion to Extend the Scheduling Order to preclude the Defendant from benefitting from this improper Motion.

                                                                   MANNY CHUM
                                                                   By her Attorney

April 1, 2021                                                 /s/ John B. Ennis
                                                                         JOHN B. ENNIS, ESQ. #2135
                                                                         1200 Reservoir Avenue
                                                                         Cranston, Rhode Island 02920
                                                                         (401) 943-9230
                                                                         Jbelaw75@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I emailed a copy of this Objection to Motion to Quash and Motion for Protective Order to Shawn Masterson, on April 1, 2021.

/s/ John B. Ennis