UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

---------------------------------------------------------x
MANNY CHUM                                  :   CASE NO: 1:18-cv-00684-JJM-LDA
                                            :
    Plaintiff                               :
                                            :
v.                                          :
                                            :
PACIFIC UNION FINANCIAL, LLC, ET AL.        :
                                            :
    Defendants.                             :   APRIL   2021
---------------------------------------------------------x

**DEFENDANT'S EMERGENCY MOTION FOR PROTECTIVE ORDER**

    The Substituted Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), hereby moves pursuant to LR cv 9, for expedited relief on the within Motion for Protective Order. Mr. Cooper seek a determination on an expedited basis because the information sought to be protected, must otherwise be provided to the defendant, Manny Chum, prior to the time in which the court conduct a hearing in the normal course. Mr. Cooper seeks a determination from this Court prior to the time to respond to Defendant's request.

    Pursuant to Fed. R. Civ. P. 37(a) counsel for Mr. Cooper attempted to communicate with counsel for Defendant to seek resolution of this matter prior to filing this motion.

    Mr. Coopers hereby moves pursuant to Fed. R. Civ. P. 26 (c), 30 (b)(4), 34(b)(2) and 45(d)  and the Local Rules of the District Court of Rhode Island, and objects to and moves this Honorable Court for a Protective Order based on a Request for Information under 24 CFR 1024.36 issued by Counsel for the Plaintiff to the Substituted Defendant. As grounds for the motion, Mr. Cooper respectfully relies on the accompanying memorandum of law in support.

    Pursuant to LR cv 7(c) Mr. Cooper requests oral argument on this motion. Said oral argument should take approximately twenty (20) minutes.

WHEREFORE, Mr. Cooper respectfully requests an Order of this Honorable Court issue a protective Order.

|  |  |
|---|---|
|  | DEFENDANT<br>Nationstar Mortgage, LLC<br>By its attorneys,<br><br>*/s/ Shawn M. Masterson*<br>Shawn M. Masterson, #9201<br>Shapiro Dorry Masterson, LLC.<br>145 Waterman Street<br>Providence, RI 02906<br>Office: (401) 455-0002<br>smasterson@sdmlawgroup.com |
| Dated:  April 30, 2021 |  |

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2021, a copy of the foregoing Motion was served by mail on anyone unable to accept electronic filing as set forth below. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Shawn M. Masterson*
Shawn M. Masterson

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

----------------------------------------------------------x
MANNY CHUM                                          :     CASE NO: 1:18-cv-00684-JJM-LDA
                                                    :
    Plaintiff                                      :
                                                    :
v.                                                  :
                                                    :
PACIFIC UNION FINANCIAL, LLC, ET AL.                :
                                                    :
    Defendants.                                    :     APRIL   2021
----------------------------------------------------------x

## DEFENDANT'S MEMORANDUM IN SUPPORT OF
## MOTION FOR PROTECTIVE ORDER

**I.**     **Introduction**

The Substituted Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper ("Mr. Cooper"), hereby moves pursuant to Fed. R. Civ. P. 26 (c) and 45(d) to issue a Protective Order as to on a Request for Information under 24 CFR 1024.36 issued by Counsel for the Plaintiff to the Substituted Defendant. See, Exhibit A. The Defendant sets forth the Request for Information is a direct attempt to circumvent the scheduling order on this matter concerning discovery.

On or about December 18, 2018, the Plaintiff commenced this action in an effort to forestall the foreclosure of the real property by seeking an injunction and commencing litigation. Thereafter, on September 22, 2020, this court issued a scheduling order as follows:

> Factual Discovery to close by 3/22/2021; Plaintiff's Expert Disclosures shall be made by 4/22/2021; Defendant's Expert Disclosures shall be made by 5/24/2021; Expert Discovery to close by 6/23/2021 and Dispositive Motions shall be filed by 7/22/2021.

See, Pretrial Scheduling Order.

4

The Plaintiff then undertook no efforts to conduct discovery until after the Defendant moved for summary judgment by seeking a Motion for Extension of Time to based on the lack of closure of discovery on January 27, 2021.  See, ECF No. 23.  This court denied the Defendant's Motion for Summary Judgment on January 28, 2021 based on the Plaintiff's claim that the discovery deadlines had not passed.

Again, the Plaintiff took no affirmative steps to seek discovery until March 6, 2021 when counsel issued a Notice of Deposition for March 22, 2021 – the last day to complete factual discovery on a non-party to this litigation, JM Adjustment Services LLC.  The Defendant then filed a Motion to Quash on March 17, 2021.  See, ECF No. 24.  A response was filed by the Plaintiff on April 1, 2021. See, ECF No 27.

On March 22, 2021, the day factual discovery terminated, the Plaintiff filed a Motion to Amend/Correct the scheduling order by seeking an extension to June 20, 2021 to conduct discovery.  See, ECF No. 25.  A response was filed on April 1, 2021 by the Substituted Defendant.  See, ECF No. 26.

After the Motion for Extension and the response thereto were filed, Counsel for the Plaintiff issued a Request for Information under Information under 24 CFR 1024.36 issued by Counsel for the Plaintiff to the Substituted Defendant dated April 7, 2021 and received on April 12, 2021.  See, Exhibit A.  Therein, the Plaintiff is seeking the entire loan servicing file:

> The consumer requests that you provide the consumer the entire loan servicing file including all servicing notes, collection notes, recordings of all phone calls you or any agent acting on your behalf made to the consumer or to his attorney , and any phone calls from the consumer or his attorney to you or an agent which you recorded and al loss mitigation documents sent to you by the consumer and all loss mitigation responses sent form you to the consumer from the time that you obtained servicing rights to the present.

See, Exhibit A.

On April 15, 2021, this court held a hearing concerning the Plaintiff's Motion to Amend/Correct the scheduling order and then issued an order on April 16, 2021 barring discovery with the exception of conducting the deposition of JM Adjustment Services LLC subject to any objections the third party may have to the notice of deposition.

The Substitute Defendant now moves for a protective order as to the Request for Information.

### II.     Standard for Motion for Protective Order

As noted in the First Circuit, while district courts are to interpret liberally the discovery provisions of the Federal Rules of Civil Procedure to encourage the free flow of information among litigants, limits do exist. See *M.Y. v. Danly, Inc*., 2010 WL 4569852 (D. Mass 2012) (citing *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd*., 333 F.3d 38, 41 (1st Cir. 2003)).

However, under Fed. R. Civ. Pro. 26(c), a protective order can be entered for good cause shown which prohibits or limits discovery. *Thompson* v. *UBS Financial Services*, Docket No. 09-033S, 2009 U.S. Dist. LEXIS 84347 (D.R.I. Sep. 15, 2009).

### III.    Argument

The Substitute Defendant sets forth that the issuance of a Request for Information under 12 C.F.R. §1024.36 for an entire loan servicing file after the close of discovery is a direct attempt to evade this court's scheduling order and the subsequent bar on discovery rendered by this court.

> "It is settled law that a party flouts a court order at his peril." *Torres-Vargas v. Pereira*. 431 F.3d 389, 393 (1st Cir. 2005) (citing *Rosario-Diaz v. Gonzalez,* 140 F.3d 312, 315 (1st Cir. 1998)). Furthermore, "courts cannot function if litigants may, with

impunity, disobey lawful orders." *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 916 (1st Cir. 1988).

*Vigilant Ins.* v. *E. Greenwich Oil Co.*, 234 F.R.D. 20, 21 (D.R.I. 2006).

As set forth above, a scheduling order was set cutting off discovery as of March 22, 2021. After the closure of the factual discovery period, counsel issued the Request for Information. It appears from the Plaintiff's Motion to Amend/Correct that the intent of seeking this information to add additional claims i.e. "[t]he Plaintiff will file an Amended Complaint regarding the servicing of the mortgage loan by Nationstar, which is relevant to this action as it has taken additional action, since the filing of the original complaint." See, Motion to Amend/Correct, ¶ 29, ECF. No. 25.

"RESPA aims to promote transparency and communication between borrowers and lenders." *Lebeau* v. *U.S. Bank, N.A.*, Docket No. 17-329-JJM-PAS, 2019 U.S. Dist. LEXIS 36519, at *6 (D.R.I. Mar. 7, 2019) and was designed to protect consumers with greater information and protection from abusive practices. *Abbatematteo v. Federal Housing Finance Agency*, Docket No. 17-331 WES, 2018 U.S. Dist. LEXIS 118891, *1, *11-12 (D.R.I. July 17, 2018). However,

> RESPA was not intended to give people who cannot pay their mortgages the means to engage in burdensome fishing expeditions in the hope of somehow passing the blame for their foreclosure onto the mortgage servicers in state court.

*Moore* v. *Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1061 (7th Cir. 2018), see also *Hittle v. Residential Funding Corp.*, No. 2:13-cv-353, 2014 U.S. Dist. LEXIS 107423, 2014 WL 3845802, at *12 (S.D. Ohio, Aug. 5, 2014) ("RESPA exists to prevent abuse of borrowers by servicers — not to enable abuse of servicers by borrowers.").

Here, the Plaintiff admitted her loan is default and is seeking a loan modification for which she was denied [1]. <u>See generally</u>, Motion to Amend/Correct. Now, based on the Motion to Amend/Correct, the Plaintiff appears to seek the information in order to amend her complaint to include additional claims. Yet, this court entered an order concerning discovery which the Plaintiff is now seeking to circumvent by issuing a Request for Information under 24 C.F.R. 1024.36.

In *HMG*, the Court of Appeals set forth that the court's possess plenary power to manage and achieve the "orderly and expeditious disposition of cases" including but not limited to sua sponte dismissal for proper cause. <u>See</u>, *HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc.,* 847 F.2d 908, 916 (1st Cir. 1988). In this instance, the Plaintiff brought this action to stop a foreclosure action based on allegations of non-compliance with pre-foreclosure requirements. <u>See</u>, Complaint. Now, the Plaintiff is seeking to use the Provisions of the Real Estate Settlement Procedures Act ("RESPA") to create additional causes of action. Discovery orders should mean something and the Plaintiff's efforts to circumvent the orders by using a Request for Information under the Federal Regulations is a direct violation of the order and is nothing more than a backdoor means to evade the time limitations of the scheduling order.

### IV.  Conclusion

For the reasons set forth above, the Defendant requests its Motion Protective Order be granted.

---

[1] This representation is not completely accurate. A loan modification was offered which was declined and as result the Plaintiff was denied a modification prior to the entry of the scheduling order. <u>See</u>, Exhibit B.

8

                                          DEFENDANT
                                          Nationstar Mortgage, LLC
                                          By its attorneys,

                                          */s/ Shawn M. Masterson*
                                          Shawn M. Masterson, #9201
                                          Shapiro Dorry Masterson, LLC.
                                          145 Waterman Street
                                          Providence, RI 02906
                                          Office: (401) 455-0002
                                          smasterson@sdmlawgroup.com

Dated: April 30, 2021

# Exhibit A

# John B. Ennis

*Attorney at Law*
**1200 Reservoir Avenue
Cranston, Rhode Island 02920**

Tel. (401) 943-9230                                                     Fax. (401)679-0035

April 7, 2021

Nationstar Mortgage
Attn: Request for Information and Notice of Error
P.O. Box 619098
Dallas, TX 75261-9741

Client: Sochanna Chum and Olivia Manny Chum
Property Address: 115 Second Avenue
Cranston, RI 02910
Account No:

**Request for Information Pursuant to Section 1024.36 of Regulation X**

Dear Sir or Madam:

This is a Request for Information relating to your servicing of the mortgage loan of the above-named client. All references herein are to Regulation X of the Mortgage Servicing Act as amended by the Consumer Financial Protection Bureau pursuant to the Dodd Frank Act. The written authority of the client to my law firm for this Request is attached hereto and incorporated herein by this reference.
Pursuant to Section 1024.36(c) of Regulation X, you must within five (5) days (excluding legal public holidays, Saturdays and Sundays) provide our office with a response to this Request acknowledging receipt of this information request.
Pursuant to Section 1024.36(d), you must respond no later than thirty (30) days (excluding legal public holidays, Saturdays and Sundays) after you receive this request for information.
Please provide the following information within the time periods noted herein:
**The consumer requests that you provide the consumer the entire loan servicing file including all servicing notes, collection notes, recordings of all phone calls you or any agent acting on your behalf made to the consumer or to his attorney , and any phone calls from the consumer or his attorney to you or an agent which you recorded and al loss mitigation documents sent to you by the consumer and all loss mitigation responses sent form you to the consumer from the time that you obtained servicing rights to the present.**

Sincerely,

*[signature]*
John B. Ennis, Esq.

# John B. Ennis

*Attorney at Law*
1200 Reservoir Avenue
Cranston, Rhode Island 02920

Tel. (401) 943-9230                                                                 Fax (401) 679-0035

## AUTHORIZATION

I, Manny Chum, authorize my Attorney, JOHN B. ENNIS, ESQ., to communicate on my behalf and/or to discuss with Nationstar Mortgage, LLC or any other entity or servicer regarding my mortgage serviced by Nationstar Mortgage, LLC regarding Pacific Union Financial Loan No. ▇▇▇ for the property located at 115 Second Avenue, Cranston, Rhode Island. This authorization does not designate the address of John B. Ennis, Esq., at 1200 Reservoir Avenue, Cranston, Rhode Island 02920 as my address for any Rhode Island General Law Notices or any Notices required pursuant to the terms of my mortgage. All such notices must be mailed to my home address and not to my attorney. All mortgage statements are to be mailed to me at my home address, not the address of my attorney. **NO MONTHLY STATEMENTS OR ANY NOTICES PURSUANT TO FEDERAL LAW, STATE LAW OR THE TERMS OF MY MORTGAGE SHOULD BE MAILED TO 1200 RESERVOIR AVENUE, CRANSTON, RI 02920.** No phone calls are to be made by Nationstar Mortgage, LLC or any entity or person acting on its behalf to me at my home or cellular number. Any purported prior consent to make such calls is withdrawn.

2-3-19
Date

*/s/ Manny Chum*
MANNY CHUM
SSN # 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

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

Subscribed and sworn to before me on the 3rd day of February, 2019

*/s/ John B Ennis*
Notary Public

USPS CERTIFIED MAIL

PROVIDENCE RI 028

Cranston RI 02920



USPS CERTIFIED MAIL



9407 1118 9876 5890 6996 67

NATIONSTAR MORTGAGE
PO Box 619098
Dallas TX 75261-9741

$4.11 US POSTAGE
FIRST-CLASS
Apr 07 2021
Mailed from ZIP 02920
1 oz First-Class Mail Letter

11923275



062S0012913542



CHUM, M. NATIONSTAR RFI SERIVCE FILE

Order Supplies and Track Online: www.CertifiedMailLabels.com

# Exhibit B

Copy



PO Box 619097
Dallas, TX 75261

08/27/2020

**OUR INFO**
ONLINE
www.mrcooper.com

**YOUR INFO**
LOAN NUMBER

PROPERTY ADDRESS
**115 SECOND AVE
CRANSTON, RI 02910**

SOCHANNA CHUM
OLIVIA MANNY CHUM
C/O JOHN B. ENNIS ESQ.
1200 RESERVOIR AVENUE
CRANSTON, RI 02920

Dear SOCHANNA CHUM and OLIVIA MANNY CHUM:

We have reviewed your application for mortgage assistance. Please find a summary of the programs for which you were evaluated below, based on the eligibility requirements of Federal Housing Administration (FHA), the owner/guarantor/trustee of your mortgage loan. Federal Housing Administration (FHA) requires us to review your application for the options available to you in a certain order. This means that if you are approved for an option higher in the order, you may not qualify for options that are lower down on the list.

Please note that we have reviewed you for options that would allow you to keep the property and for options that would mean that you would not keep the property. Although you may have requested a specific loss mitigation option, we have evaluated you for all other available options to ensure you have sufficient information to make an informed decision.

- **Forbearance Plan** - Declined
- **HAMP FHA** - Declined
- **Short Sale** - Declined
- **Deed In Lieu** - Declined

If approved for any options, please note that these options are available only to the named Borrower(s) referenced above. If you have obtained the property through death, divorce, or other means and you qualify as a successor in interest, you may still be eligible for loss mitigation options, but we will need additional information to confirm your identity and ownership interest in the property. Please contact us to discuss your next steps.

Detailed information about the available loss mitigation programs and our analysis of your eligibility are provided below. You may find you are approved, or conditionally approved, for several different options. If you are eligible for more than one option, you may only accept one offer. Please note the deadlines to respond to each offer because if you do not respond in time, we will treat that as a rejection of the offer. To appeal a modification denial, you must appeal by the specified deadline.

Please be sure to read the instructions related to each option carefully. Please note that, unless specified otherwise, the instructions in each section relate only to the option discussed in that section.

**I. Retention Options:** Retention options allow a borrower to continue to make payments and remain in the property.

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.



50-67-D

Copy



A. **Reinstatement:** A reinstatement is a single lump-sum payment to bring the mortgage current by paying all past due amounts, including amounts paid on a borrower's behalf, if any, as a result of failure to pay the mortgage on time.

**To Reinstate your mortgage, please refer to your Monthly Billing Statement.**

B. **Modification:** A modification changes the terms of the loan to cure past-due amounts and usually provides for more affordable payments.

**Modification Program Review**

**You were not approved for the following retention option(s).**
You were evaluated for mortgage payment assistance based on the eligibility requirements of Federal Housing Administration (FHA), but were declined for the following program(s).

- **Forbearance Plan** - Declined
  - **Denial Reason:** Excessive obligations in relation to income

  Due to excessive obligations, we are unable to offer you a modification because we are unable to create an affordable payment without changing the terms of your loan beyond the requirements of the program.

- **HAMP FHA** - Declined
  - **Denial Reason:** Request Withdrawn

  We have withdrawn your modification agreement request due to your request to withdraw.

Please note, as the servicer of your loan, we are responsible for responding to any questions related to investor requirements or the review of your request for assistance.

**Right to Appeal**
You have the right to appeal any loan modification denial listed above within 14 calendar days from the date of this notice. The appeal must be in writing, state that you are requesting an appeal of our decision, and must be sent to the mailing address below. You must include in the appeal your name, property address, and mortgage loan number. Please specify the basis for your dispute, and include any documentation you believe is relevant to the appeal, such as property valuation or proof of income.

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

If you elect to appeal:

- We will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final, and not subject to further appeal.
- If you have received another loss mitigation offer, you do not have to accept that offer until resolution of the appeal. If we determine on appeal that you are eligible for a loan modification described above, we will send you an offer for that modification. In that case, you will be given 14 calendar days from the date of the appeal decision to let us know that you intend to accept the current offer or the new modification offer.
- Any unpaid interest, and other unpaid amounts, such as escrows for taxes and insurance, will continue to accrue on your mortgage during the appeal.

**II. Non-Retention Options:** A non-retention option allows a borrower to transition out of their property without going through foreclosure. Non-retention options include Short Sales or Deeds-In-Lieu (sometimes known as a Mortgage Release).

A. **Short Sale:** This option permits a borrower to sell their home for less than the balance remaining on the mortgage loan. Depending upon applicable law and investor requirements, a borrower may or may not be required to pay funds to reduce the difference between the amount owed and the approved purchase price.

Copy



You are not eligible to pursue a short sale for the following reason:

- **Short Sale** - First Legal Deadline Date Passed

    Your investor/guarantor does not allow us to review your for a Deed-In-Lieu once foreclosure proceedings have been initiated.

    **B. Deed-in-Lieu/Mortgage Release:** A Deed-in-Lieu, also called a "Mortgage Release," permits a borrower to voluntarily transfer the property to the owner of the mortgage to satisfy some or all of the mortgage debt. Depending upon applicable law and investor requirements, the borrower may be required to pay funds to reduce the difference between the amount owed on the loan and the value of the property being transferred.

You are not eligible to pursue a Deed-in-Lieu/Mortgage Release for the following reason:

- **Deed In Lieu** - First Legal Deadline Date Passed

    Your investor/guarantor does not allow us to review your for a Deed-In-Lieu once foreclosure proceedings have been initiated.

### Additional Information Related to All Loss Mitigation Options

Visit us on the web at www.mrcooper.com for more information.

**Housing Counselors:**
For help exploring your options, the Federal government provides contact information for housing counselors, which you can access by contacting the Consumer Financial Protection Bureau at http://www.consumerfinance.gov/mortgagehelp, the Department of Housing and Urban Development at https://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm, or by calling 800-569-4287.

**Notice: The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is: Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.**

If you were denied for any workout option, we may have obtained a credit report or credit score for our evaluation. The consumer reporting agencies that may have provided information, which may have influenced the decision in whole or in part, are listed below. The reporting agencies played no part in the decision and are unable to supply specific reasons why your request for a workout was denied. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. You also have a right to a free copy of your report from the credit reporting agencies, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agencies. Any questions regarding such information should be directed to the credit reporting agencies.

| Reporting Agency | Address | Telephone |
|---|---|---|
| Equifax Information Services LLC | PO Box 740241<br>Atlanta, GA 30374 | 800-685-1111 |
| Experian | PO Box 2002<br>Allen, TX 75013 | 888-397-3742 |
| Transunion | PO Box 1000<br>Chester, PA 19022 | 866-887-2673 |

If you have any questions, your Dedicated Loan Specialist is Bobby Chandler and can be reached at (866)-316-2432 or via mail at PO Box 619097, Dallas, TX 75261. Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

**Copy**



Sincerely,

Mr. Cooper

Copy



### Notices of Error:

If you believe an error has been made with respect to your mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

### Requests for Information:

To request information regarding your account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741